UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY LEROY WALLACE, | ) | 1:06-cv-01721-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO AMEND PETITION WITHIN THIRTY DAYS |
| | ) | (Doc. 13) |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |
| JOHN MARSHALL, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The instant petition was originally filed on December 26, 2006. (Doc. 1). Petitioner filed an amended petition on December 26, 2006. (Doc. 13).

DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules governing § 2254 Cases.

A federal court may only grant a petition for writ of habeas corpus if a petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). A petition for writ of habeas corpus must therefore specify the grounds for relief. Rule 2(c) of the Rules Governing

1  Section 2254 Cases. The petition must also allege the facts surrounding the petitioner's
2  incarceration. 28 U.S.C. § 2242. The petitioner must make specific factual allegations that would
3  entitle him to habeas corpus relief if they are true. <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir.
4  1990); <u>United States v. Popoola</u>, 881 F.2d 811, 812 (9th Cir. 1989).

In addition, a petition presented in *pro se* must be upon the form approved by the court. Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-190. This rule ensures that all information needed is before the court. Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief. If a petition contains no grounds entitling the petitioner to habeas corpus relief, the court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases.

The type of filing that simply references attachments requires the Court to expend considerable time and resources attempting to determine which claims a petitioner seeks to raise before this Court. It is unreasonable to expect the Court to take on such a task when the responsibility to inform the Court lies solely with the petitioner.[1] The proper use of the form petition results in administrative convenience of benefit to both the petitioner and the Court.

Here, Petitioner did not fill out any of the spaces provided on the form petition for listing his grounds for relief. Instead, he refers the Court to the attachments to the petition with the phrase "See Attached." (Doc. 13, pp. 5-6). Normally, such a reference would be to an attachment that presents in more detail Petitioner's claims for relief and refers directly to the claims raised in the federal petition itself.

Here, however, no such attachment has been filed. Rather, Petitioner has attached various documents, and photocopied portions of documents, filed in various proceedings in the state court, including a state habeas petition he filed in the California Supreme Court and briefs filed in his direct

---

[1] Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments. If individual claims require more space than is provided, or if the number of claims exceed the space provided, Petitioner may attach additional pages. However, Petitioner may <u>not</u> simply refer to arguments raised in documents previously filed in another court and expect this Court to accept them as properly presented in these proceedings.

2

1   review. For example, Petition includes the Table of Contents from his Petition for Review in the
2   California Supreme Court, listing ten separate issues. At another point, he includes the table of
3   contents to another habeas petition, whose filing court cannot be determined, listing seven grounds
4   for relief. Later, he includes a copy of the petition for writ of habeas corpus filed in the California
5   Supreme Court that has appended to it a collection of photocopied and handwritten issues, totaling
6   twenty-eight grounds for relief.

7       Presumably, Petitioner expects this Court sift through the multitude of claims he has raised at
8   various times in the state courts and somehow divine which claims he actually wishes to raise here
9   and incorporate them by reference, despite the fact that he has not listed any claims for relief on the
10  form petition. This the Court declines to do. The Court will not do Petitioner's work for him.
11  Given the current state of this petition, the Court simply has no way of determining which of these
12  many issues Petitioner actually wishes to offer as grounds for relief in the instant petition. Thus,
13  petitioner will be required to resubmit the form petition once it has been <u>completely filled out as is</u>
14  <u>stated on the form</u>. A petitioner may submit attachments to the form; **however, a simple reference**
15  **to an attachment where specific information is required is not acceptable**.

16      Accordingly, it is HEREBY ORDERED:
17      1.    Within thirty (30) days of the date of service of this Order, Petitioner SHALL FILE
18      AN AMENDED PETITION in which Petitioner fills out the form provided by the
19      Court and properly states all grounds for relief in the form itself rather than referring
20      to an attachment. The amended petition should be clearly and boldly titled
21      "AMENDED PETITION," contain the appropriate case number, and be an original
22      signed under penalty of perjury. Petitioner should also note that every pleading to
23      which an amendment is permitted *must be retyped or rewritten and filed so that it is*
24      *complete in itself without reference to the prior or superseded pleading*. Local Rule
25      15-220.
26      2.    The Clerk of Court is DIRECTED to send Petitioner a blank form petition for
27      prisoners filing pursuant to § 2254.
28

Petitioner is forewarned that his failure to comply with this order may result in Findings and Recommendations recommending that his Petition be dismissed.

IT IS SO ORDERED.

Dated:   **January 18, 2008**                                   /s/ Theresa A. Goldner
                                                              UNITED STATES MAGISTRATE JUDGE